944 F.2d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BOARD OF EDUCATION OF MCNAIRY COUNTY, TENNESSEE, Plaintiff-Appellant,
v.
GREAT GLOBAL ASSURANCE COMPANY, Defendant-Appellee.
 No. 90-6573.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1991.
 
 Before RALPH B. GUY, Jr., Circuit Judge, JOHN W. PECK, Senior Circuit Judge, and SILER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Board of Education of McNairy County, Tennessee (Board), appeals the district court's grant of summary judgment for defendant, Great Global Assurance Company (Great Global), in this diversity action.
 
 
 2
 Plaintiff, who had a general liability policy with the defendant, argues that the district court erred when it ruled that the policy did not cover the damages the Board sustained as a result of wrongfully discharging a tenured teacher. We find plaintiff's argument without merit and, accordingly, affirm.
 
 I.
 
 3
 The facts in this case are not in dispute. Great Global issued the Board a comprehensive general liability policy. During the effective period of the policy, the Board suspended and dismissed a tenured teacher, Lynn Earl Scott. Scott then sued the Board in state and federal courts. Great Global declined to represent the Board in the state suit, which was based on breach of contract. Subsequently, finding fault with the Board's actions, the state court ordered Scott's reinstatement and ordered the Board to pay Scott's back pay. Scott's back pay amounted to $59,169.78, and the Board incurred $21,049.63 in attorney fees and related expenses in defending this action.
 
 
 4
 Great Global did, however, assume the Board's defense in the federal action, which was based on federal constitutional and civil rights claims. The federal district court thereafter dismissed the suit on grounds of abstention.
 
 
 5
 The Board then filed suit against Great Global in federal district court for reimbursement of the damages and costs associated with Scott's state court suit. Both the Board and Great Global filed motions for summary judgment. The district court granted the defendant's motion for the following reasons. First, the court concluded that the Board's actions in terminating Scott were not "occurrences" within the meaning of the insurance policy and, thus, Great Global's obligations to cover the Board's losses were not triggered. Second, the district court found that the damages that the Board was required to pay were damages arising out of a contractual obligation that it had with Scott. The district court concluded that, as the insurance contract explicitly excluded coverage for damages arising out of contractual obligations, and the state court's award of damages was based on the pay Scott would have received had he not been wrongfully terminated, the Board was not entitled to be reimbursed by Great Global.
 
 
 6
 The Board appealed.
 
 II.
 
 7
 Plaintiff first argues that the policy provision excluding coverage for "amounts due or payable under the terms of any contractual obligation[,]" is inapplicable. Specifically, the plaintiff argues that when Scott was discharged in April of 1985, he had only contracted to teach through the end of that school year, i.e., June 30, 1985. Thus, the Board asserts that, although the state court, which rendered its decision on May 9, 1988, awarded Scott back pay from the date of his discharge, the Board's only contractual obligations to Scott ended on June 30, 1985. The Board argues that the remainder of the awarded damages were based on Tennessee state law and, thus, were statutory and not contractual in nature. We disagree.
 
 
 8
 The Tennessee state court awarded Scott back pay pursuant to Tennessee Code Annotated § 49-5-511, which provides the following in pertinent part:
 
 
 9
 (a)(3) A superintendent may suspend a teacher at any time that may seem necessary, pending investigation or final disposition of a case before the board or an appeal. If the teacher is vindicated or reinstated, he shall be paid the full salary for the period during which he was suspended.
 
 
 10
 The Board argues that the use of the word "the" in the phrase "the full salary" is "more than mere coincidence" and demonstrates that the remedy is statutorily based. Otherwise, the Board continued, the Tennessee legislature would have modified the word salary with the words "his or her" to indicate that the back pay to be awarded corresponds to the salary of the wrongfully discharged teacher. We believe that the Board is misreading the statutory language based on the rest of Tennessee Code Annotated § 49-5-511.
 
 
 11
 Tennessee Code Annotated § 49-5-511(a)(1) provides that "[n]o teacher shall be dismissed or suspended except as provided in this part." Subsection (a)(2) enumerates the permissible reasons for discharge. The rest of section (a) outlines the procedures for discharging a teacher. Section (b) outlines the procedures for reducing the teaching work force, if it becomes necessary.
 
 
 12
 The state court concluded that Scott, a permanently tenured teacher, was wrongfully discharged. Because Scott was tenured, unless his conduct warranted dismissal or if the school system needed to reduce its work force, under Tennessee law, the Board was obligated to renew his contract. The Board cannot use the fact that it failed to renew Scott's contract, an action the state court declared to be wrongful, to bolster its position that the back pay it was required to give Scott was not in satisfaction of a contractual obligation. If the Board had acted properly, Scott would never have been dismissed, and his contract would have been renewed. We conclude that the insurance policy exclusion for "amounts due or payable under the terms of any contractual obligation" applies, and, as a result, the Board is not entitled to reimbursement from Great Global for either damages or attorney fees.
 
 
 13
 In light of the applicability of the policy's specific "contractual obligation" exclusion, the Board's other arguments attempting to establish coverage under the policy's other provisions are immaterial. Additionally, we note that the fact that Great Global chose to defend the Board in the federal action in no way required Great Global to defend the Board in the state suit. Disregarding the different causes of actions in both suits, i.e., the federal suit was filed pursuant to 42 U.S.C. § 1983 and the stat suit was for breach of contract, even if Great Global chose to defend the Board in the federal action when it was not contractually obligated to do so, we decline to use Great Global's arguably gratuitous action to create a contractual obligation where none existed before.
 
 
 14
 AFFIRMED.